# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| SHANE ANTHONY FORRESTER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. CV615-141 |
| | ) CR614-001 |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Shane Anthony Forrester has filed a 28 U.S.C. § 2255 motion and also moves for leave to file it on an untimely basis. CR612-001, docs. 120 & 121. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that both motions must be denied.

## I. BACKGROUND

Forrester pled guilty to and received an 87-month sentence for "[p]ossession of device making equipment with intent to defraud" in violation of 18 U.S.C. § 1029(a)(4) and § 18 U.S.C. § 1029(c)(1)(A)(ii). Doc. 103 at 1-2. The Court entered judgment on September 16, 2014, doc. 103, and Forrester elected, in writing, not to appeal. Doc. 105 at 3. That was consistent with his appeal-rights waiver. Doc. 104 at 4 ¶ 8(a)

(his written plea agreement waiver of his right to a "direct appeal of his conviction and sentence" except on grounds not relevant here); *id.* 8(b) ("Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.").

Forrester had just one year from the date his judgment of conviction became final to file his otherwise plea-barred § 2255 motion. 28 U.S.C. § 2255(f)(1); *Spencer v. United States*, 773 F.3d 1132, 1175 (11th Cir. 2014). He admits that he is late. Doc. 120 at 1. Since he did not appeal the September 16, 2014 judgment, finalization occurred 14 days later, on September 30, 2014. Fed. R. App. P. 4(b)(1)(A)(i) (notices of appeal in criminal cases must be filed within 14 days of entry of judgment); *Adams v. United States*, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999). He signed the instant § 2255 motion on December 9, 2015, doc. 121 at 12 -- months beyond the September 30, 2015 one-year date. But he points out that he signed his *original* § 2255 motion, which he erroneously sent to a state court, on August 6, 2015. *Id.* at 18; *see also* doc. 120 at 2 (his motion to extend time for filing, where he insists his

conviction became final on October 2, 2015 but he placed his original § 2255 motion in the prison's mail system on August 25, 2015).[1]

---

[1] The date discrepancies here are immaterial in the scheme of things, but nevertheless beckon review of filing doctrines. Courts first:

> apply the prison mailbox rule, under which "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison *authorities* for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). We assume, "[a]bsent evidence to the contrary . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

*Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).

But what if a prisoner wants to show that he "filed" his § 2255 motion on a date different than his signature date? In *Daniels*, the prisoner's "signature date" rendered his § 2255 motion untimely. Daniels "argue[d] that his filing was timely under the prison mailbox rule because he originally delivered his § 2255 motion to prison authorities for mailing on an earlier date. In the district court, he submitted an affidavit that stated in relevant part, 'On March 13, 2013, I placed my motion for relief under § 2255, in the prison mailbox. . . .'" *Id.* at 590.

That court applied Rule 3(d) of the Rules Governing § 2255 Cases in the United States District Courts: "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Rule 3(d). But that rule, the court emphasized, "has only two requirements with respect to the content of the prisoner's declaration. To demand anything other than strict compliance with those requirements would render them nullities." *Daniels*, 809 F.3d at 590. Daniels failed to abide that rule: "Daniels' affidavit sets forth the date of deposit, but it does not state that first-class postage had been prepaid." *Id.* at 590. That omission was fatal: "Because Daniels did not satisfy the requirements of Rule 3(d), he cannot avail himself of the prison mailbox rule and the district court did not err in dismissing his § 2255 motion as time-barred." *Id.*

Forrester's § 2255 motions bear only signature dates. Doc. 121 at 12, 18. So even if he wanted to argue that his earlier, "mis-filed" § 2255 should fix his filing date, that dog wouldn't hunt because, even were the Court to overlook the erroneous addressing issue, nevertheless he fails to satisfy Rule 3(d)'s requirement of a § 1746 declaration or notarized statement setting forth "the date of deposit *and* [a statement] that first-class postage has been prepaid." Rule 3(d) (emphasis added).

3

Forrester tacitly invokes equitable tolling, which can excuse an untimely filing. *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Jackson v. Georgia*, 2016 WL 1389612 at * 2 (S.D. Ga. Apr. 7, 2016).

The problem for Forrester, however, is that other inmates have lost similar shots at habeas relief when their *own lawyer* negligently misfiled their habeas forms or misadvised them.[2] If "a lawyer's mistakes --

---

[2] *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991) (condemned prisoner pursuing State habeas relief waived right to federal review, and thus could be executed, after his State habeas counsel negligently missed, by 3 days, deadline for appealing denial of State habeas petition); *id.* at 754 (applying REST. AGENCY 2D § 242 (1958) ("[M]aster is subject to liability for harm caused by negligent conduct of servant within the scope of his employment"); *Damren*, 776 F.3d at 821; *see also id.* at 822 (attorney's failure to ascertain and comply with correct filing deadline for habeas petition was not of such egregious nature that it qualified as extraordinary circumstance meriting equitable tolling of statutory period, even if petitioner was reasonably diligent in pursuing his rights, where attorney did not abandon petitioner, lie to him, or fail to communicate with him but, rather, negligently failed to do enough research to arrive at correct date); *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001) (attorney's incorrect calculation of the limitations period not an extraordinary circumstance justifying equitable tolling); *Alewine v. United States*, 2010 WL 3732258 at * 3 (S.D. Ga. Aug. 23, 2010) ("[I]t is well-settled that attorney negligence is not a basis for equitable tolling.").

however bad -- are not an 'extraordinary circumstance,'" *Chapalet v. Secretary, Fla. Dep't. of Corr.*, 2016 WL 1069666 at * 3 (N.D. Fla. Mar. 16, 2016) (quoting *Thomas v. Attorney Gen., Florida*, 795 F.3d 1286, 1293 (11th Cir. 2015)), then an inmate's own mistakes, however, bad, must precipitate the same result. *See LeCroy v. United States*, 2015 WL 7567546 at *4 (N.D. Ala. Nov. 25, 2015) (simple misapprehension of the law "is insufficient to justify equitable tolling"); *Hill v. Philbin*, 2015 WL 5604371 at * 3 (S.D. Ga. Sept. 23, 2015); *Bing v. United States*, 2015 WL 4092699 at * 2 (S.D. Ga. July 6, 2015) ("Habeas petitioners are routinely denied equitable tolling for untimeliness caused by legal ignorance, low intellect, lack of counsel, or outright attorney negligence."). Forrester at most can show here that he misapprehended the law -- mistakenly thinking that it made legal sense to file his § 2255 motion with a state court. When he realized his mistake, it was too late. Neither legal ignorance nor simple negligence (confusing court addresses) will equitably toll the clock here, and for an appeal that was otherwise barred by his plea agreement.[3]

---

[3] As the Eleventh Circuit has explained, any form of ignorance/negligence, be it momentary or long-term, will not satisfy the equitable tolling threshold:

5

## III. CONCLUSION

Shane Anthony Forrester's 28 U.S.C. § 2255 motion (doc. 121) should be **DENIED**. His motion for leave to file it on an untimely basis *is* **DENIED**. Doc. 120. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

---

We have stated that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that 'procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness" (quoting *Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582, 161 L.Ed.2d 542 (2005))).

*Moore v. Frazier*, 605 F. App'x 863, 868 (11th Cir. 2015). If generalized claims of prison lockdowns (hence, preventing a prisoner from accessing his papers or the prison's law library) will not suffice, *Jones v. Tatum*, 2015 WL 3454311 at * 2 (S.D. Ga. May 29, 2015), then simple mailing mishaps likewise cannot rise above that bar.

**SO REPORTED AND RECOMMENDED,** this  14th   day of, April, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA